FILED'09 MAR 12 08:33USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KHAMJO VERAHA,

        Petitioner,

v.

DON MILLS,

        Respondent.

Civil No. 07-1055-PA

OPINION AND ORDER

Mark Bennett Weintraub
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, OR 97401

        Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

///

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying convictions for Attempted Murder and Attempted Assault in the First Degree. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

On October 16, 1997, petitioner was riding in the passenger seat of a friend's car when he saw two people in another car he believed to be rival gang members. The car petitioner was riding in began trailing the victims, and petitioner ultimately fired 10 bullets at the car, hitting it once. There were no injuries, but the incident gave rise to two counts of Attempted Murder, two counts of Attempted Assault in the First Degree, and one count of Unlawful Use of a Weapon. Respondent's Exhibit 102.

Following a bench trial in Multnomah County, the trial court found petitioner guilty of two counts of Attempted Murder and two counts of Attempted Assault in the First Degree. Respondent's Exhibit 101. As a result, petitioner was sentenced to a 120-month sentence with a 36-month period of post-prison supervision.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Veraha*, 169 Or.App. 337, 9 P.3d 162, *rev. denied*, 331 Or. 429, 26 P.3d 148 (2000).

2 - OPINION AND ORDER

Petitioner next sought post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of petitioner's claims. Respondent's Exhibits 120-121. The Oregon Court of Appeals affirmed the lower court without opinion in *Veraha v. Hill*, 194 Or.App. 328, 95 P.3d 756 (2004). Petitioner did not petition the Oregon Supreme Court for review.

The parties agree that petitioner failed to timely file this case in accordance with the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations. Petitioner argues that the court should nevertheless reach the merits of the case because he is actually innocent.

## DISCUSSION

Assuming petitioner may overcome the timeliness bar through a showing of actual innocence, in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). The Ninth Circuit has held that "habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of innocence." *Griffin v. Johnson*, 350 F.3d 950, 963 (9th Cir. 2003). The meaning

3 - OPINION AND ORDER

of "newly presented" evidence is evidence that was not before the trial court. *Id.*

Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

In his PCR proceedings, petitioner did not dispute firing 10 shots during the encounter, but asserted that he never intended to harm the victims and was only trying to scare them. Respondent's Exhibit 113. In this habeas proceeding, he argues that he is actually innocent of all crimes because the crimes of which he was convicted required either an intent to kill or to cause serious injury, an intent which he continues to assert he did not possess at the time of the incident.

As an initial matter, petitioner's argument amounts to one of legal insufficiency. Specifically, he challenges the trial court's determination that he possessed the intent necessary to be convicted of Attempted Murder and Assault in the First Degree. He does not allege that he is factually innocent, *i.e.* that he was not the shooter or was in no way involved in the incident giving rise to his case. Instead, his argument underlying his claim of actual

4 - OPINION AND ORDER

innocence rests only upon his assertion that while he was leaning out of the passenger side of his friend's car shooting bullets in the general direction of two rival gang members, he did not actually intend to harm anyone. The actual innocence exception to procedural default applies only to claims of factual innocence, not legal insufficiency. *Bousley,* 523 U.S. at 623.

Even assuming petitioner's claim of actual innocence amounted to more than just an argument pertaining to legal sufficiency, he cannot demonstrate that no reasonable juror would have voted to convict him. There were no less than three non-victim eyewitnesses (including the driver of the vehicle in which petitioner was riding) who claimed petitioner was shooting at the car containing the rival gang members. Trial Tr. at 83, 108-09, 145. When this testimony is combined with petitioner's own admission that he was the shooter, and that he fired 10 shots, the court cannot conclude that no reasonable juror would have convicted him of Attempted Murder and Attempted Assault in the First Degree.

Petitioner also asks the court to conduct an evidentiary hearing. "A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert,* 465 F.3d 964 (9th Cir. 2006) (italics removed) (quoting *Laws v. Lamarque,* 351 F.3d 919, 919 (9th Cir. 2003). Here, petitioner has not provided the court with any allegation that, if proven true during an

5 - OPINION AND ORDER

evidentiary hearing, might lead the court to make a finding that he is actually innocent. Accordingly, the court declines to hold an evidentiary hearing.

Because petitioner cannot pass through the gateway of actual innocence in order to excuse the timeliness bar to his Petition, the Petition is dismissed.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#2) is DISMISSED on the basis that it is untimely.

IT IS SO ORDERED.

DATED this \_11\_ day of February, 2009.

*/s/ Owen M. Panner*
Owen M. Panner
United States District Judge

6 - OPINION AND ORDER